## NEW YORK COMMON PLEAS.

GEORGE H. CHAPMAN and others agt. THE UNION BANK.

Where a note payable at the "Bank of Kent, Kent, N. Y.," was deposited with the Union Bank, N. Y., for collection, without any other direction as to the post office address of the Bank of Kent, the Union Bank was authorized to send the note to the address designated in the note, and was exonerated from liability, on its failure to reach the Bank of Kent.

*General Term, May,* 1864.
*Before* DALY, *F. J.,* BRADY *and* CARDOZO, *Judges.*

*By the court,* CARDOZO, J. It is very clear that if the plaintiffs on depositing the note in question, with the Union Bank for collection, had directed them to transmit it to the Bank of Kent, addressed to the "Bank of Kent, Kent, N. Y.," and that direction had been followed, the defendant would not have been liable if the note failed to reach its destination. The order of the plaintiffs would have been obeyed, and if they erred, they must bear the consequences of the blunder. In this case they did what was equivalent to that. They deposited with the defendant for collection, a note, which on its face contained a notice that it was payable at the "Bank of Kent, Kent, N. Y." It is not pretended that the plaintiffs advised the defendant that Kent was not the post office address of the Bank of Kent, nor that any instruction, except what might be fairly inferred from the address con-

tained in the bdby of the note, was given by the plaintiffs to the defendant. I think, therefore, that the defendant was clearly authorized to adopt the address designated in the body of the note. Had any other been employed, and the note had miscarried, the plaintiffs might justly have charged that the defendant was guilty of negligence in not adopting the address furnished by the instrument itself. It is a mistake to suppose that the evidence shows that the New York State Bank (the correspondent of the defendant) knew that letters sent to Kent would not reach the Bank of Kent. It is true, that the habit of the New York State Bank, although it had had but little dealing—not oftener than once or twice a year—with the Bank of Kent, had been to direct its communications to George Ludington, cashier, Ludingtonville, New York, but there is nothing to show that it knew or believed that a communication addressed to the bank of Kent, at Kent, would not go quite as safely as if addressed the other way. I think the justice must have found that the envelope containing the note in question, was addressed to "Bank of Kent, Kent, N. Y." Mr. King, the corresponding clerk of the New York State Bank, swears that he received the note and entered it in the books of the New York State Bank; that it was indorsed over to the cashier of the Bank of Kent, and with a letter to said cashier, was put in an envelope addressed, "Bank of Kent, Kent, N. Y.," and mailed. If this be so, the defendant and its correspondent performed their whole duty. I am aware that the cashier says that the envelope was addressed "Bank of Kent, George Ludington, cashier, Kent, N. Y.," but without examining whether the insertion of the words "George Ludinginton, cashier," would affect the question, it seems to me that in favor of sustaining the judgment, we should presume that the justice regarded Mr. King's version of the address as correct. This is the only question in the case worthy of remark.

The judgment should be affirmed, with costs.